IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| FRANKLIN D. STAFFORD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-08-378-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| JAMES C. MORFITT, JANE MORFITT, | ) | |
| SERGIO A. GUTIERREZ, LINDA C. | ) | |
| TROUT, GERALD F. SCHROEDER, | ) | |
| DENNIS GOFF, FRANK P. KOTYK, | ) | |
| DAVID YOUNG, CANYON COUNTY, | ) | |
| CANYON COUNTY SHERIFF'S OFFICE, | ) | |
| CITY OF CALDWELL, STATE OF | ) | |
| IDAHO, LOUIS URANGA, | ) | |
| MAX WEAVER, RANDOLPH FARBER, | ) | |
| OWYHEE VILLAGE, INC., | ) | |
| LAWRENCE SIRHALL, IVER J. | ) | |
| LONGETEIG, JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**INTRODUCTION**

The Court has before it Defendant Max Weaver's Motion for More Definite

Statement and to Dismiss (Docket No. 4), Canyon County Defendants' Motion to

Dismiss, or, in the Alternative, Motion for Summary Judgment (Docket No. 33),

Defendant City of Caldwell's Motion to Dismiss, or, in the Alternative, Motion for

Summary Judgment (Docket No. 34), Defendant Louis Uranga's Motion to

Dismiss (Docket No. 36) and Joinder in Canyon County Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket No. 38), Lawrence Sirhall's Motion to Dismiss or Motion for Summary Judgment (Docket No. 41), and State Defendants' Joinder in Canyon County Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket No. 44).

The Court also has before it Plaintiff's Motion to File Amended Verified Complaint (Docket No. 63). The Court has determined that oral argument will not significantly aid the decisional process. Therefore, the Court will address the motions without a hearing.

As explained in detail below, the Court dismisses all the plaintiff's claims against the State Defendants, namely Defendant James Morfitt, Defendant Gutierrez, Defendant Trout, Defendant Schroeder, Defendant Goff, Defendant Kotyk, and Defendant State of Idaho. The Court also dismisses all the plaintiff's claims as to the Canyon County Defendants, namely Defendant Young, Defendant Canyon County Sheriff's Office, and Defendant Canyon County. Additionally, the Court dismisses all the plaintiff's claims as to Defendant Weaver, Defendant Uranga, and Defendant Sirhall. Subsequent to this order, then, the only claims that survive are the plaintiff's constitutional claims, brought pursuant to 42 U.S.C. sections 1983, 1985, 1986, and 1988, against Defendants Jane Morfitt, Randolph

**Memorandum Decision and Order - 2**

Farber, Owyhee Village, Inc., Iver Longeteig, and John Does 1-10.

Specifically, the Court holds all the plaintiff's claims against Defendant Lawrence Sirhall are barred by the doctrine of *res judicata*, and therefore grants Defendant Sirhall's motion to dismiss (Docket No. 41).  Furthermore, the Court holds that the plaintiff's Title 42 civil rights claims are barred by the statute of limitations, and therefore grants the motions to dismiss filed by Defendant Weaver (Docket No. 4), Canyon County Defendants (Docket No. 33), Defendant City of Caldwell (Docket No. 34), Defendant Uranga (Docket No. 38), Defendant Sirhall (Docket No. 41), and the State Defendants (Docket No. 44) on statute of limitations grounds.

Because the Court dismisses all claims against Defendant Louis Uranga on statute of limitations grounds, it declines to address the additional grounds for dismissal raised in his motion to dismiss (Docket No. 36).  Similarly, because the Court dismisses all claims against the City of Caldwell on statute of limitations grounds, it declines to address the additional ground for dismissal raised in its motion to dismiss (Docket No. 34).  Finally, because the statute of limitations has run on any claims the plaintiff might have against any defendant regarding this matter, the Court finds the plaintiff cannot assert any new facts that would state a claim and denies the plaintiff's motion to amend (Docket No. 63) as any such

**Memorandum Decision and Order - 3**

amendment would be futile.

## BACKGROUND

This litigation arises from irrigation right-of-way and boundary-line disputes between two neighbors and the governmental process surrounding those disputes. On March 20, 1998, Defendant Max Weaver sued his neighbor, Plaintiff Franklin Stafford Sr., for trespassing on his property.  Mr. Stafford had erected a fence and excavated a ditch that, Mr. Weaver argued, were located on Mr. Weaver's property.  In that same litigation, Mr. Weaver had also sued Defendant Owyhee Village, Inc.  Subsequently, Owyhee Village, Inc. cross-claimed that Mr. Stafford committed slander of title by alleging that he had an interest in Mr. Weaver's property.  The district judge, Defendant Judge James C. Morfitt, entered an Amended Judgment on January 29,1999, finding that Mr. Stafford had trespassed upon Mr. Weaver's property and awarding Mr. Weaver punitive damages.  Judge Morfitt also found that Mr. Stafford slandered the title of Owyhee Village, Inc. and awarded Owyhee Village, Inc. attorney fees and costs.  The Idaho Supreme Court upheld Judge Morfitt's decision in July of 2000 and determined that the southwest boundary of Mr. Stafford's property, separating Mr. Weaver's property, was to be determined by the metes and bounds description.

Subsequent to Mr. Weaver's suit, but before any decision in the suit, Mr.

Stafford filed an action against Mr. Weaver.  The action again concerned the boundaries between Mr. Weaver's and Mr.  Stafford's property. Mr. Stafford maintained that Mr. Weaver's lane and fence were on Mr. Stafford's side of the southeast boundary.  In May of 2001, the Idaho Supreme Court affirmed a district court decision, by Defendant Judge Dennis E. Goff, granting summary judgment to Mr. Weaver and deciding that the southeast boundary between Mr. Stafford's and Mr. Weaver's property had been established by agreement of the parties.

At a time that is unclear from the pleadings, Mr. Weaver was charged with a misdemeanor for blocking the outlet of an irrigation lateral that allowed water to flow to Mr. Stafford's property.  The charges were dismissed on two conditions. First, Mr. Weaver had to remove the concrete barrier that was blocking the outlet and, second, install a pipe from the irrigation lateral to the edge of Mr. Stafford's property.  Mr. Weaver removed the concrete barrier and installed a pipe, but Mr. Stafford did not excavate a ditch to the pipe that would carry water to Mr. Stafford's property.  Additionally, Mr. Stafford claims that around November of 1997, Defendant Canyon County Prosecutor David Young refused to prosecute Mr. Weaver and other defendants for allegedly assaulting Mr. Stafford and damaging Mr. Stafford's property.

After these in-court and prosecutorial disputes, Mr. Stafford brought an

**Memorandum Decision and Order - 5**

action against Mr. Weaver, Louis Uranga, and Randolph Farber. Louis Uranga

represented Mr. Weaver in the previous actions between Mr. Weaver and Mr.

Stafford.  Randolph Farber represented Owyhee Village, Inc. in the previous

actions.  Mr. Stafford asserted various claims including perjury, civil conspiracy,

defamation, bribing witnesses to testify falsely, and denial of justice.  Mr. Stafford

also alleged statutory violations against Mr. Weaver and Louis Uranga, for Mr.

Weaver's modification to the irrigation lateral, in addition to wrongful civil

proceedings.  Additionally, Mr. Stafford claimed injury to property, intentional

infliction of emotional distress, and contempt of court against Mr. Weaver.

Finally, Mr. Stafford asserted that Mr. Farber attempted to extort money from Mr.

Stafford.  Judge Gerald Weston, a district court judge, dismissed the action and the

decision was affirmed by the Court of Appeals of the State of Idaho in March of

2003.

       Subsequently, in 2003 and 2004, Mr. Weaver filed a motion for renewal of

his judgments against Mr. Stafford in district court.  After Judge Morfitt granted

Mr. Weaver's 2003 renewal request, Mr. Stafford moved to reconsider the renewal

of judgment.  Judge Morfitt denied Mr. Stafford's motion.  Mr. Stafford also

challenged Mr. Weaver's 2004 motion for renewal of judgment.  Judge Morfitt

denied Mr. Stafford's request to the extent that it challenged the underlying

judgment, but granted Mr. Stafford twenty-one days to file a motion challenging the renewal itself.  Mr. Stafford appealed instead.  Then, in May of 2006, the Court of Appeals of the State of Idaho heard Mr. Stafford's appeals of the 2003 and 2004 cases for renewal of judgment and affirmed the judgment of Judge Morfitt in both cases.

One final state court proceeding relates to the present litigation.  Defendant Lawrence Sirhall represented Mr. Stafford in the two preliminary boundary disputes.  Mr. Sirhall billed legal fees in excess of $37,000 that were secured by a security interest in Mr. Stafford's real property.   Mr. Sirhall filed a collection action in July of 2002 requesting an order to foreclose on Mr. Stafford's real property.  Mr. Stafford alleged that Mr. Sirhall was not entitled to payment because of deficient representation.  In addition, Mr. Stafford alleged that Mr. Sirhall should not be allowed to foreclose because of Mr. Stafford's homestead exemption and an outside oral agreement in which Mr. Sirhall promised not to exercise his rights against Mr. Stafford's real property until Mr. Stafford's death.  The district court, Judge Morfitt presiding, granted Mr. Sirhall's motion for summary judgment holding that Mr. Sirhall's consensual lien had priority over Mr. Stafford's homestead exemption.  The Court of Appeals of the State of Idaho affirmed Judge Morfitt's ruling in June of 2006, rejecting Mr. Stafford's claims of judicial bias and

**Memorandum Decision and Order - 7**

impropriety.

Another event which provides context for this action is the decision of Defendant State of Idaho Judicial Council that no judicial misconduct had occurred on the part of Defendant Judge Sergio A. Gutierrez or Judge Morfitt.  Mr. Stafford filed two complaints with the Judicial Council, one in 2003 against Judge Gutierrez and one in 2005 against Judge Morfitt.  Mr. Stafford claims that Judge Gutierrez improperly heard a case as a member of the Court of Appeals of Idaho when he had recused himself from hearing the case as a district court judge.  Mr. Stafford also claims that Judge Morfitt had a vested interest in the outcome of all of the above proceedings in which he rendered judgment because Judge Morfitt's wife allegedly had an economic interest in the sale of certain real property located near Mr. Stafford's property.  The executive director, Defendant Robert G. Hamlin, wrote letters informing Mr. Stafford of the State of Idaho Judicial Council's decision, finding no judicial misconduct.

Although Mr. Stafford did not bring a claim against Defendant Judge Goff before the State of Idaho Judicial Council, Mr. Stafford also claims that Judge Goff engaged in judicial misconduct by unlawfully holding ex parte communications concerning the above case in which he rendered a decision.  Additionally, Mr. Stafford claims the magistrate judge, Judge Kotyk, who presided over Mr.

Stafford's criminal complaint against various defendants, the time of which is unclear from the complaint, also acted improperly by not admitting certain exhibits and dismissing Mr. Stafford's complaint on grounds of insufficient evidence.

In September of 2008, this case was filed by Mr. Stafford.  The Complaint alleges the defendants were all involved to some extent with the disputes and subsequent state litigations described above.  The plaintiff claims that the defendants are involved in a conspiracy to deprive him of his constitutional rights.  Specifically, the plaintiff brings these civil constitutional violation claims against the defendants pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.  The plaintiff further asserts certain state defendants violated 18 U.S.C. § 1512 by tampering with witnesses and victims.

## ANALYSIS

### I.      Standards of Review

#### A.      Standard of Review for Rule 12(b)(6) Motions

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed

factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Factual allegations must be enough "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). The Supreme Court explained that:

> [a]sking for plausible grounds to infer [a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

*Id.* (footnote and quotation omitted).

As the Ninth Circuit recently stated, "[t]o avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), *as amended*, (quoting *Twombly*, 127 S. Ct. at 1974).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other

undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

> **B.      Standard of Review for Rule 56(b) Motions**

In considering summary judgment, the evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

## II.   Motions to Dismiss

### A.   All of the plaintiff's claims against Defendant Lawrence Sirhall and Defendant Max Weaver are dismissed on the basis of *res judicata* and full faith and credit.

Defendant Lawrence Sirhall and Defendant Max Weaver argue the plaintiff's claims are barred by *res judicata.* Defendant Lawrence Sirhall further argues the plaintiff's claims are barred by full faith and credit. These arguments are based on the contention that the plaintiff already had the chance to litigate his claims in state court. It is further argued that the Idaho Court of Appeals has already ruled against the plaintiff on these claims. It does not appear the plaintiff responded to this argument in his response to the defendants' various motions to dismiss.[1]

---

[1] Local Rule 7.1(e) states that the failure to file any documents may be deemed consent to the motion. However, the rule does not state that a court should grant the motion in the event a party does not respond to a specific argument. Dist. Idaho. Loc. Civ. R. 7.1(e). Here, the plaintiff did file a response and the Court is on notice the plaintiff does not consent to a motion to dismiss, regardless of whether that motion is based on a *res judicata* argument or some other argument.

**Memorandum Decision and Order - 12**

The doctrine of res judicata is applied in federal proceedings to bar a party from "relitigating issues that were or could have been raised" in an action if there has already been a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Federal courts adhere to this doctrine, even if the underlying final judgment is a state judgment, in order to "reduce unnecessary litigation," allow for reliance on adjudication, and also "promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *See id.* at 95-96. Additionally, the Ninth Circuit has held the Full Faith and Credit Act requires the federal courts to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Palomar Mobilehome Park Assn. v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Therefore, a court should apply the state's *res judicata* law, of the state where the district court is located, to determine if an action should be dismissed. *See id.*

The relevant *res judicata* law in Idaho covers both claim preclusion and issue preclusion. *Ticor Title Co. v. Stanion*, 157 P.3d 613, 617 (Idaho 2007). In order for "claim preclusion to bar a subsequent action there are three requirements: (1) same parties; (2) same claim; and (3) final judgment." *Id.* at 618. The "same parties" requirement includes a party's privy, a person who derives "his interest from one who was a party to" the underlying judgment. *Id.* The "same claim"

requirement includes "every matter which might and should have been litigated in the first suit." *Id*. at 620. This definition encompasses "all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Id.* Therefore, it follows that the "final judgment" requirement does not require that "the precise point or question in the present action be finally resolved in the prior proceeding." *Id.* Rather, there has to be a final judgment in the prior litigation on the merits, and if the matter in the current action is one that could have been litigated in the prior suit, the final judgment covers that matter as well. *See id.*

In this case, Mr. Stafford has litigated many of the same claims against the same defendants and received a final judgment from the Idaho state courts. This Court can only dismiss the plaintiff's claims as to those defendants that were parties to the underlying state actions, or their privies.[2] Defendant Sirhall and Defendant Weaver were named parties in the previous state actions.

Furthermore, the plaintiff's claims are all matters that were or should have

---

[2] Based on the exhibits and arguments of counsel the only defendants that were actually parties to the underlying state actions would be Defendants Max Weaver, Louis Uranga, Randolph Farber, Lawrence Sirhall, and Owyhee Village, Inc. However, of these defendants, only Defendant Sirhall and Defendant Weaver have filed motions to dismiss based on *res judicata* grounds. Further, although the Idaho state courts have addressed the claim of bias on the part of various judicial and government officials, no argument for privity was raised by any of the other defendants in a motion the Court is currently addressing.

**Memorandum Decision and Order - 14**

been litigated in the previous state court actions.  Mr. Stafford has been claiming

violations of his constitutional rights by conspiracy and fraud as a defense to many

state court decisions, including, but not limited to,  the outcome of the initial

boundary dispute and the sanctions and penalties imposed on Mr. Stafford for

continuing to bring frivolous claims.  In fact, his claims for violation of his civil

rights all arise from the outcome of the initial boundary dispute and the perceived

unfairness of the judicial outcomes of that dispute.  These matters were brought to

the attention of the Idaho state courts in subsequent litigations and were matters

that should have been litigated in those suits.  *See* James Davis's Affidavit,

Exhibits A, C, D.  Therefore, as final judgments were rendered in those prior

litigations, *res judicata* bars this Court from hearing any of the plaintiff's claims

against Defendant Lawrence Sirhall or Defendant Max Weaver.[3]

> **B.    All the plaintiffs constitutional claims brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 are barred by the applicable statute of limitations, as to the Canyon County Defendants, Defendant City of Caldwell, Defendant Max Weaver, Defendant Louis Uranga, Defendant Lawrence Sirhall, and the State Defendants.**

Canyon County Defendants collectively filed a motion to dismiss the

---

[3] It also appears that *res judicata* would bar this Court from hearing claims as to Defendants Louis Uranga, Randolph Farber, and Owyhee Village, Inc., all named parties to the underlying state actions.  However, as those parties have not raised this issue, the Court will not consider it *sua sponte*.

**Memorandum Decision and Order - 15**

plaintiff's complaint on the basis of the expiration of the statute of limitations period.  Defendants Max Weaver, City of Caldwell, Louis Uranga, Lawrence Sirhall, and the State Defendants either joined in the motion or separately filed a motion to dismiss on statute of limitations grounds.  These defendants argue that all the plaintiff's claims should be dismissed because 42 U.S.C. § 1983 actions are subject to Idaho's statute of limitation for personal injury actions and that two-year period has expired.

Defendants City of Caldwell and Canyon County argue the Court should grant the motion to dismiss on statute of limitations grounds pursuant to Dist. Idaho Loc. Civ. R. 7.1(e), as the plaintiff's response to the motions to dismiss failed to specifically address the statute of limitations argument.  On the other hand, Defendant Lawrence Sirhall concluded that the plaintiff did respond to the statute of limitations argument, since he refers in his brief to a claim by the plaintiff that the plaintiff's claims are not barred by the statute of limitations, but are somehow resurrected through some notion of a "continuing tort."  However, Sirhall argues the statute of limitation period is not tolled or extended based upon this argument or any allegations of fraud.

This confusion is understandable, since it is not entirely clear whether the plaintiff addressed the statute of limitations argument in his response brief.  The

plaintiff did, as Mr. Sirhall acknowledges, include in his brief a discussion

concerning allegations of an ongoing conspiracy, damages, and fraud.

Additionally, the plaintiff addressed in his original complaint the idea of tolling or

extending the statute of limitation period on the basis of fraud.  Because of this

uncertainty, the Court will consider the plaintiff's cryptic arguments that the statute

of limitations was tolled because of fraud, conspiracy, and continuing tort.[4]

As previously stated, the defendants' statute of limitations argument is based

on the applicable law regarding 42 U.S.C. § 1983 actions.  The plaintiff, however,

is claiming more than just a section 1983 violation.  Regardless, the Court has

determined, upon further research, that all of the plaintiff's civil rights claims are

barred by the applicable statute of limitations.

Specifically, with the exception of 42 U.S.C. § 1986, the applicable statute

of limitations in a civil rights cause of action is determined by the law of the state

where the district court is located and the action arose.  *Hoffman v. Halden*, 268

F.2d 280, 304-05 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*,

300 F.2d 24, 29-30 (9th Cir. 1962).  By contrast, a 42 U.S.C. § 1986 action has a

---

[4] The local rule actually states that the failure to file any documents may be deemed consent to the motion; the rule does not state that a court should grant the motion in the event a party does not respond to a specific argument.  Dist. Idaho. Loc. Civ. R. 7.1(e).  Here, the plaintiff did file a response and the Court is on notice the plaintiff does not consent to a motion to dismiss, regardless of whether that motion is based on a statute of limitations argument or some other argument.

**Memorandum Decision and Order - 17**

mandated one year statute of limitations period.  *Id.* at 304.  As the defendants

correctly point out, the law is more specific as to section 1983 claims.  Section

1983 claims are subject to the state statute of limitation specifically for personal

injury actions because such claims are analogous to actions for injuries to personal

rights.  *Samuel v. Michaud*, 980 F. Supp. 1381, 1410 (D. Idaho 1996), *aff'd*, 129

F.3d 127 (9th Cir. 1997) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)).

    While state law determines the statute of limitations applied to civil rights

actions, federal law determines when the claim accrues.  *Olsen v. Idaho State Bd.*

*of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004).  A civil rights claim accrues "when

the plaintiff knows or has reason to know of the injury which is the basis of the

action." *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).  A

plaintiff cannot defeat the statute of limitation by arguing that each separate

wrongful act in furtherance of a conspiracy restarts the statute of limitations.

*Samuel*, 980 F. Supp. at 1411.  In *Samuel*, the plaintiff claimed violations of civil

rights and asserted that various government officials were in a conspiracy to

perpetuate and cover up the violations.  *Id.* at 1410.  Because the plaintiff alleged

that the conspiracy was on-going, the plaintiff asserted that the statute of

limitations did not bar the claims.  *Id.*  However, the Ninth Circuit affirmed the

district court's judgment that "[t]o permit [a plaintiff] to wait and toll the running

of the statute simply by asserting that a series of separate wrongs were committed

pursuant to a conspiracy would enable him to defeat the purpose of the time-bar,

which is to preclude the resuscitation of stale claims." *Id.* at 1411.

As section 1983 claims are subject to the state statute of limitation for

personal injury, the applicable Idaho statute of limitation is two years. Idaho Code

§ 5-219(4); *see also Olsen*, 363 F.3d at 926.  The statute of limitation applicable to

the other sections of Title 42 are less clear and counsel has given no argument for

any other statute of limitation applicable to those sections.  However, upon further

research, the Court has determined that under any of the potentially applicable

Idaho statute of limitations, the plaintiff's civil rights claims would be barred.  The

plaintiff's claims are best characterized as personal injury for violation of his civil

rights regardless of the section of Title 42 he claims.  In such a case, the applicable

Idaho statute of limitation is two years.  Idaho Code § 5-219(4).  Mr. Stafford also

appears to assert a fraud claim, for which the statute of limitation would be three

years.  Idaho Code § 5-218(4).  Even if the plaintiff's claims fell into another

category of relief, the Idaho statute of limitation for all other relief, the catch-all

statute of limitation, is four years.  Idaho Code § 5-224.  Additionally, the only

fraud that would extend a period of limitation is fraudulent concealment on the part

of the defendants.  Idaho Code § 5-219(4).  In fraudulent concealment cases, Idaho

law only extends the statute of limitations period for certain actions, such as personal injury. *Id.* Further, Idaho law would only extend that statutory period from two years to three years. *Id.* Therefore, even using the most favorable statute of limitations in favor of the plaintiff, the period would be no longer than four years.

In this case, the plaintiff's injuries arise out of the loss of the initial boundary disputes. All the plaintiff's conspiracy claims assert that the defendants are attempting to perpetuate and cover-up the alleged civil rights deprivations that arose from those disputes and the state court decisions concerning those disputes. Therefore, like *Samuel*, the plaintiff claims that because there is an on-going conspiracy the statute of limitations does not bar his claims. However, as the court held in *Samuel*, the plaintiff's injuries all arise from certain specific events – the decisions in the boundary disputes. Therefore, the plaintiff knew or should have known of these injuries no later than the final Idaho Supreme Court decision concerning these disputes. As the court in *Samuel* held, the subsequent alleged conspiracy actions do not toll the statute of limitations because there are no new injuries to the plaintiff. Indeed, as defense counsel points out, even Mr. Sirhall's subsequent suits for attorney's fees, and Mr. Stafford's loss of his property to foreclosure to pay those fees, arose out of his loss of the boundary dispute cases.

**Memorandum Decision and Order - 20**

Therefore, the statute of limitations began to run on May 17, 2001, the date on which the last Idaho Supreme Court decision in the boundary disputes between Mr. Weaver and Mr. Stafford took place.  Thus, even assuming the most favorable statute of limitations period – four years – these civil rights actions were time-barred as of May 17, 2005.  The Court, therefore, finds that all the plaintiff's Title 42 civil rights claims are barred by the statute of limitations.  To the extent the plaintiff is attempting to assert state law claims through the use of 42 U.S.C. § 1988, they fall within this statute of limitations bar.

The statute of limitations appears to bar all claims as to the remaining defendants, Defendants Jane Morfitt, Randolph Farber, Owyhee Village, Inc., and Iver Longeteig.  However, as these Defendants have not made this argument to the Court, the Court declines to consider it as to these parties.  However, the Court would entertain subsequent motions to dismiss by these defendants.

**C.    The plaintiff's 18 U.S.C. § 1512 claim is dismissed because it is barred by the applicable statute of limitations.**

Although the Complaint is unclear, it appears this claim was only brought against certain state defendants.  As previously stated, the defendants' statute of limitations argument is based on the applicable law regarding 42 U.S.C. § 1983 actions.  It is unclear to the Court how an argument based on the statute of limitations applicable only to a 42 U.S.C. § 1983 claim would dismiss Plaintiff's

**Memorandum Decision and Order - 21**

claims arising not under section 1983 but under 18 U.S.C. § 1512.  However, although unclear, it appears the Defendants were attempting to include this claim in the statute of limitations argument.  Upon further research, the Court has determined that the statute of limitations for such a 18 U.S.C. § 1512 claim is five years.  18 U.S.C. § 3282.  Therefore the Court will dismiss this claim as to the State Defendants against whom it appears the plaintiff brought this claim.

As stated above in the previous analysis of the statute of limitations argument, the statute of limitations began to run on May 17, 2001, the date on which the last Idaho Supreme Court decision in the boundary disputes between Mr. Weaver and Mr. Stafford took place.  Thus, given a statute of limitations period of five years, this claim was time-barred as of May 17, 2006. Therefore, even assuming a private cause of action exists under this statute, it would be time-barred as the plaintiff filed the Complaint in 2008.  Thus, the Court grants the State Defendants' motion to dismiss this claim based on the applicable statute of limitations.

### D.    City of Caldwell and Louis Uranga's Motions to Dismiss.

Because all claims are dismissed as to the City of Caldwell and Defendant Uranga on the basis of statute of limitations, the Court finds it unnecessary to

address the alternative grounds for dismissal in the City of Caldwell's motion to dismiss and Defendant Uranga's motion to dismiss.

## III.   Motion to Amend

A dismissal without leave to amend is proper if it is beyond doubt that the complaint can "not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail but whether he is entitled to offer evidence to support the claims.  *See Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007).  A motion to amend should be granted unless such an amendment would be futile because "district courts need not accommodate futile amendments." *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996).

In this case, any amendment would be futile and the Complaint cannot be cured by the allegation of any other facts.  As the Court has previously noted, any claims the plaintiff is asserting, or intends to assert as evidenced by his proposed

amended complaint, would be barred by the statute of limitations.  The plaintiff is

claiming injuries that arose out of a boundary dispute and subsequent litigations,

no new facts will change the nature of those claims.  Further, the claims that arise

based on the boundary dispute and subsequent litigations are barred by the

applicable statute of limitations for all of the claims the plaintiff is attempting to

assert.  Even though the plaintiff is attempting to add new defendants, the addition

of new defendants does not change the statute of limitations, or their operation.  As

neither new facts nor new defendants will not change the applicable statute of

limitations, the Court finds that any subsequent amendment would be futile and

therefore dismisses with prejudice and denies the plaintiff's motion to amend.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Max

Weaver's Motion to Dismiss (Docket No. 4), Canyon County Defendants' Motion

to Dismiss (Docket No. 33), Defendant City of Caldwell's Motion to Dismiss

(Docket No. 34), Defendant Louis Uranga's Joinder in Canyon County

Defendants' Motion to Dismiss (Docket No. 38), Lawrence Sirhall's Motion to

Dismiss and Joinder in Canyon County Defendants' Motion to Dismiss (Docket

No. 41), and State Defendants' Joinder in Canyon County Defendants' Motion to Dismiss (Docket No. 44) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that, given the Court's ruling on Defendant Louis Uranga's Joinder in Canyon County Defendants' Motion to Dismiss (Docket No. 38), Defendant Louis Uranga's Motion to Dismiss (Docket No. 36) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion to File Amended Verified Complaint (Docket No. 63) shall be, and the same is hereby, DENIED.

DATED:  **March 29, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 25**