IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANKLIN D. STAFFORD, SR.,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES C. MORFITT, ET AL.,<br><br>    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. CV 08-378-S-BLW |

   This litigation arises from irrigation right-of-way and boundary-line disputes between two neighbors (*pro se* Plaintiff Franklin Stafford, Sr. and Defendant Max Weaver) and the governmental process surrounding those disputes. Although many defendants have already been dismissed, four remain. This matter comes before the court on motions of two of those remaining defendants: *pro se* Defendant Iver J. Longeteig's Motion to Dismiss (Docket No. 75); and Defendant Jane Morfitt's Motion for Summary Judgment (Docket No. 77). For the reasons set forth below, the motions are GRANTED.

## I. BACKGROUND

   The two motions now being considered by the court were filed on the heels of the March 29, 2009 Memorandum Decision and Order issued by Judge B. Lynn Winmill in this case. (See Docket No. 73). In the March 2009 Order, the court dismissed many defendants on the basis that

Mr. Stafford's claims were barred by *res judicata* or the statute of limitations.[1]  (See id. at 2-3.) The court further noted that, "[s]ubsequent to this order, then, the only claims that survive are the plaintiff's constitutional claims, brought pursuant to 42 U.S.C. sections 1983, 1985, 1986, and 1988, against Defendants Jane Morfitt, Randolph Farber, Owyhee Village, Inc., Iver Longeteig, and John Does 1-10." (Id.)  It appears that the claims against those four Defendants survived the March 2009 Order only because the four named Defendants did not raise the issue with the court. (Id. at 21 ("The statute of limitations appears to bar all claims as to the remaining defendants, Defendants Jane Morfitt, Randolph Farber, Owyhee Village, Inc., and Iver Longeteig.  However, as these Defendants have not made this argument to the Court, <u>the Court declines to consider it as to these parties.  However, the Court would entertain subsequent motions to dismiss by these defendants</u>.") (emphasis added).)[2]

      Here, Mr. Stafford, in his opposition to Mr. Longeteig's and Ms. Morfitt's motions, raises a number of defenses and issues, the most relevant being the continuing tort doctrine, which can toll the running of a statute of limitations.  But the court rejected the same arguments in its March 2009 Order, and nothing has been presented since then to convince the court that the

---

[1] Certain dismissed defendants have filed memoranda replying to Mr. Stafford's response to Ms. Morfitt's and Mr. Longeteig's motions.  (See Reply Mem. of Lawrence Sirhall (Docket No. 84); Defs. David Young, Canyon County Sheriff's Office, Canyon County, and City of Caldwell's Reply (Docket No. 86); State Defs.' Reply to Pl.'s Response to Defs.' Mots. to Dismiss and/or Summ. J. (Docket No. 87).)  Apparently they are concerned that Mr. Stafford's most recent response and affidavit may be construed as a motion to reconsider the March 2009 Order or somehow revives claims that were not specifically addressed by the court in the March 2009 Order.  Their worries are unfounded, as the court does not view, and will not treat, Mr. Stafford's recent filings in any such manner.  Accordingly, the court will not consider the reply memoranda filed by these already-dismissed defendants.

[2] Defendants Randolph Farber and Owyhee Village, Inc. remain as defendants in this case because the court has not received any dispositive motions from them.

March 2009 ruling should be changed or that the facts relating to Ms. Morfitt and Mr. Longeteig are distinguishable in any relevant way.

Indeed, in the March 2009 Order, the court noted that Mr. Stafford's alleged injuries "arise out of the loss of the initial boundary disputes" and that all of Mr. Stafford's "conspiracy claims assert that the defendants are attempting to perpetuate and cover-up the alleged civil rights deprivations that arose from those disputes and the state court decisions concerning those disputes." (Id. at 20.)  Accordingly, the court rejected Mr. Stafford's "continuing tort" theory, reasoning (with citation to Ninth Circuit law) that "the subsequent alleged conspiracy actions do not toll the statute of limitations because there are no new injuries to the plaintiff." (Id.; see also id. at 3 (denying plaintiff's motion to amend, stating that "because the statute of limitations has run on any claims the plaintiff might have against any defendant regarding this matter, the Court finds the plaintiff cannot assert any new facts that would state a claim . . . .").)  The court, finding that the statute of limitations on Mr. Stafford's claims "began to run on May 17, 2001, the date on which the last Idaho Supreme Court decision in the boundary disputes between Mr. Weaver and Mr. Stafford took place," held that, even applying the longest potentially applicable limitations period (four years), the civil rights claims under Title 42 were "time-barred as of May 17, 2005." Because Mr. Stafford filed the complaint here in September 2008, more than three years later, all of his Title 42 civil rights claims are barred by the statute of limitations.

## II.  ANALYSIS

**A.      Mr. Longeteig's Rule 12(b)(6) Motion to Dismiss**

     1.      Standard of Review

On a motion to dismiss, the court must assume the truth of all material allegations in the

complaint and construe them in a light most favorable to the plaintiff. See Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004). However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss. Id. The Ninth Circuit recently stated that "[t]o avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" Clemens v. Daimler Chrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008), as amended (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). But dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. See Weisbuch v. County of Los Angeles, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

Because the court only looks to the complaint when determining whether to grant a motion to dismiss, Mr. Stafford's affidavit is not relevant to analysis of Mr. Longeteig's claims (and the court declines to transform Mr. Longeteig's motion into one for summary judgment).

    2.    <u>The Merits</u>

According to the allegations in Mr. Stafford's eighty-five page Verified Complaint, Mr. Longeteig was involved in the alleged civil rights conspiracy in his role as attorney for co-defendant Lawrence Sirhall. Mr. Sirhall (who has since been dismissed from this lawsuit) represented Mr. Stafford in the two preliminary boundary disputes starting in approximately 1998 or 1999.

Mr. Longeteig represented Mr. Sirhall in a July 2002 collection action against Mr. Stafford, in which Mr. Sirhall sought payment of more than $37,000 in legal fees incurred during the two preliminary boundary disputes. The legal fees were secured by a security interest in Mr.

Stafford's real property. (Apparently the property was sold during a foreclosure sale to raise money to pay Mr. Stafford's obligations to Mr. Sirhall.) Mr. Longeteig's advocacy on behalf of his client, Lawrence Sirhall, constitutes the extent of his involvement in the alleged conspiracy. (See Verified Compl. pp. 2, 54.)

Consistent with the March 2009 Order, the court finds that Mr. Longeteig's alleged involvement in the conspiracy is no different than the involvement of any of the other defendants who were dismissed in the March 2009 Order on the basis that Mr. Stafford's constitutional claims under 42 U.S.C. sections 1983, 1985, 1986, and 1988, are barred by the applicable statutes of limitations. (See Mar. 2009 Mem. Decision & Order at 2, 3, 7, 15, 17-18, 20-21.) Accordingly, he too is entitled to dismissal and the court hereby grants his motion to dismiss.

**B.    Ms. Morfitt's Rule 56 Motion for Summary Judgment**

   1.   Standard of Review

When considering a motion for summary judgment, the court must view the evidence in a light most favorable to the non-moving party and may not make credibility findings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A party is entitled to summary judgment if the admissible evidence shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

   2.   The Merits

Defendant Jane Morfitt contends that she is entitled to summary judgment because the statute of limitations bars the Title 42 claims against her. In the alternative, she contends that she is not a state actor and so the Title 42 claims fail as a matter of law. The court agrees on both counts.

Ms. Morfitt's role in the alleged civil rights violations under Title 42 is twofold.  First, she is the wife of co-defendant Judge James C. Morfitt, who presided over the first boundary dispute between Mr. Stafford and his neighbor, Max Weaver, as well as a collection action brought by Mr. Stafford's former lawyer for fees incurred during the boundary dispute cases.  (Both Judge Morfitt and Mr. Weaver have since been dismissed from this litigation.)  Second, at all times relevant to this case, she was a licensed real estate sale associate affiliated with the real estate brokerage firm Silverhawk Realty, which handled certain property near Mr. Stafford's property.

Mr. Stafford pulls Ms. Morfitt into the alleged conspiracy based on her status as wife of Judge Morfitt and her real estate agent activities.  He alleges that Judge Morfitt wrongly declined to recuse from the boundary dispute case[3] because Judge Morfitt wanted to profit from his wife's alleged financial interests in nearby property and his wife's alleged intent to obtain Mr. Stafford's property for financial gain.  Relatedly, he avers, with no admissible evidence, that Judge Morfitt and his wife (among others) conspired to take his land and other rights away.

Ms. Morfitt, in her affidavit supporting her motion for summary judgment, testifies as follows:

> 4.    In 2004, Silverhawk Realty [of which I have never been an owner] maintained a number of listings in the subdivision Charmae Springs No. 1.  Silverhawk was not the sole brokerage company representing sellers or buyers within the subdivision.  Additionally, Silverhawk Realty was not an owner of property within the subdivision.  I have never owned property located within Charmae Springs No. 1.  I was a co-listing agent on one house and a number of lots in the subdivision.  This was my only involvement in the subdivision.

---

[3]Apparently an Idaho court found that no conflict of interest existed and that Judge Morfitt properly declined to recuse from Mr. Stafford's case.  (See Mar. 2009 Order at 7-8.)

>      5.      The property owned by Franklin D. Stafford which is the subject matter of this litigation does not abut Charmae Springs No. 1.  The subdivision is separated from Mr. Stafford's property by Laster Lane and property owned by a private individual.  In my capacity as a real estate sales associate, I have never listed nor have I been involved with Mr. Stafford's property.  I have had no professional or personal interactions with Mr. Stafford.

(Aff. of Jane Morfitt (Docket No. 77-3) ¶¶ 2, 4-5.)

All of the alleged actions relating to Ms. Morfitt fall within the same core of actions (in nature, relation, and time) that the court held in the March 2009 Order were barred by the statute of limitations.  Accordingly, for the same reasons noted above concerning Mr. Longeteig's motion, and for the reasons stated in the March 2009 Order, the court holds that all of Mr. Stafford's Title 42 claims against Ms. Morfitt are barred by the applicable statute of limitations.

In the alternative, the court holds that Mr. Stafford has not presented any evidence whatsoever that Ms. Morfitt was a state actor, which is a necessary element of Mr. Stafford's § 1983 claim against Ms. Morfitt.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a right secured by the United States Constitution or law of the United States and that the alleged deprivation was committed under color of state law.  The color of state law element excludes "merely private conduct, [no matter how] discriminatory or wrongful."  Blum v. Yaretsky, 457 U.S. 991, 1002 (1982).  That is, state action requires that the allegedly unconstitutional conduct be fairly attributable to the state.  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  State actions arises when the defendant has acted in his capacity as a state official, or has "acted together with or has obtained a significant aid from state officials, or because his conduct is otherwise chargeable to the State."  Id.

There is no evidence that Ms. Morfitt's actions can fairly be attributable to the state. It is not a fair inference to conclude, from the evidence before the court, that Ms. Morfitt, as the wife of state official Judge Morfitt, obtained any significant aid from Judge Morfitt when he ruled against Mr. Stafford in the property rights dispute. This is a particularly unreasonable inference to make given that (1) the Court of Appeals of the State of Idaho affirmed Judge Morfitt's ruling and rejected Mr. Stafford's claims of judicial bias and impropriety, and (2) the State of Idaho Judicial Council found no judicial misconduct on the part of Judge Morfitt. (See Mar. 2009 Order at 7-8.) Moreover, the evidence of Ms. Morfitt's real estate dealings is innocuous.

Finally, although 42 U.S.C. § 1985 covers conspiracies between public and private actors, there is no evidence of a conspiracy, which is "an agreement to commit some future unlawful act in pursuit of a joint objective." Redwood v. Dobson, 476 F.3d 462, 466 (7th Cir. 2007). Accordingly, Mr. Stafford's § 1983 and § 1985 claims fail as a matter of law. And the same can be said for his claim under 42 U.S.C. § 1986. See, e.g., McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990) (claim under § 1986 may not be pursued unless complainant has valid conspiracy claim under § 1985 of Title 42).

For the foregoing reasons, the court holds that Ms. Morfitt is entitled to summary judgment on all of Mr. Stafford's claims against her.

**ORDER**

1. Defendant Iver J. Longeteig's Motion to Dismiss (Docket No. 75) is GRANTED.

2. Mr. Longeteig's Motion for a More Definite Statement Under Fed. R. Civ. P. 12(e) (Docket No. 3) is DENIED AS MOOT.

3. Defendant Jane Morfitt's Motion for Summary Judgment (Docket No. 77) is

GRANTED.

    DATED this 29th day of July, 2009.

                                  BY THE COURT:

                                  */s/ Tena Campbell*

                                  TENA CAMPBELL
                                  District Court Judge