IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANKLIN D. STAFFORD, SR., <br><br> Plaintiff, <br><br> v. <br><br> JAMES C. MORFITT, *et al.*, <br><br> Defendants. | Case No. CV-08-378-S-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants Randolph Farber's and Owyhee Village Inc.'s (collectively "Defendants") Motion to Dismiss (Docket No. 103). These Defendants are the last remaining defendants in this case. As explained in detail below, the Court dismisses all of Plaintiff's claims as to Defendants Farber and Owyhee Village Inc. Specifically, the Court holds that all of Plaintiff's claims against Defendants are barred by the statute of limitation.

## BACKGROUND

I.  <u>State-Court Proceedings</u>

This litigation arises from an irrigation right-of-way and boundary-line dispute between two neighbors and the state-government process surrounding

those disputes. In state court on March 20, 1998, now-Defendant Max Weaver sued his neighbor, now-Plaintiff Franklin Stafford Sr., for trespassing on his property. Mr. Stafford had erected a fence and excavated a ditch, which Mr. Weaver argued were located on Mr. Weaver's property. In the same litigation, Mr. Weaver also sued Defendant Owyhee Village, Inc. Owyhee Village, Inc. filed a cross-claim against Mr. Stafford, alleging that Mr. Stafford had slandered Owyhee Village, Inc.'s title by asserting an interest in Mr. Weaver's property.

The state-court judge, James C. Morfitt, former Defendant in this case, entered a judgment against Mr. Stafford, finding that Mr. Stafford had trespassed on Mr. Weaver's property. Judge Morfitt also awarded Mr. Weaver punitive damages. Regarding Defendant Owyhee Village, Inc., Judge Morfitt found that Mr. Stafford had slandered the title of Owyhee Village, Inc. and awarded attorney's fees and costs to Owyhee Village, Inc. The Idaho Supreme Court upheld Judge Morfitt's decision in July 2000 and held that the southeast boundary of Mr. Stafford's property, which separates Mr. Stafford's and Mr. Weaver's properties, should be determined by metes and bounds.

After Mr. Weaver filed the initial state-court action, but before Judge Morfitt had rendered a decision, Mr. Stafford filed a separate action against Mr. Weaver. In that action, Mr. Stafford sought to establish that a lane and fence were on Mr.

Stafford's side of the disputed boundary.  The state-court judge, former Defendant Dennis E. Goff, granted summary judgment to Mr. Weaver and determined that the boundary had been established by agreement of the parties.  The Idaho Supreme Court affirmed this decision in May 17, 2001.

At some point during these proceedings, Mr. Weaver was charged with a misdemeanor for blocking an irrigation outlet that allowed water to flow to Mr. Stafford's property.  The charges were dismissed on two conditions.  First, Mr. Weaver had to remove the concrete barrier that blocked the irrigation outlet.  Second, Mr. Weaver had to install a pipe from the irrigation outlet to the edge of Mr. Stafford's property.  Mr. Weaver complied with these conditions.  Mr. Stafford did not, however, excavate a ditch to the pipe on Mr. Weaver's property.

Mr. Stafford also claims that in November 1997, Defendant Canyon County Prosecutor David Young refused to prosecute Mr. Weaver and other defendants for allegedly assaulting Mr. Stafford and damaging Mr. Stafford's property.

Subsequent to these events, Mr. Stafford filed his second action in state court, this time filing against Defendants Mr. Weaver, Louis Uranga, and Randolph Farber.  Louis Uranga had represented Mr. Weaver in the previous proceedings, and Randolph Farber had represented Owyhee Village, Inc.  In relevant part, Mr. Stafford alleged that Mr. Farber attempted to extort money from

Mr. Stafford. A state-court judge, Gerald Weston, dismissed the action. In March 2003, the Idaho Court of Appeals affirmed the dismissal.

In 2003 and 2004, Mr. Weaver filed separate motions in state court for renewal of his earlier judgments against Mr. Stafford. Judge Morfitt eventually granted both motions and denied Mr. Stafford's motions to reconsider the renewals of judgment. In May 2006, the Idaho Court of Appeals affirmed Judge Morfitt's decisions.

Defendant Lawrence Sirhall, Mr. Stafford's attorney in the state-court actions, filed a collection action for attorney's fees against Mr. Stafford in July 2002. The state-court judge, again Judge Morfitt, granted Mr. Sirhall's request to foreclose on Mr. Stafford's real property in order to collect attorney's fees. In June 2006, the Idaho Court of Appeals affirmed Judge Morfitt's decision and rejected Mr. Stafford's claim of judicial bias.

Although not relevant to the current motion to dismiss, Mr. Stafford also filed judicial misconduct complaints against Judge Morfitt and Judge Sergio A. Gutierrez. The Idaho Judicial Council found that no judicial misconduct had occurred. Currently, Mr. Stafford also claims that Judge Goff, by participating in an unlawful ex parte communication, and Magistrate Judge Kotyk, by dismissing Mr. Stafford's suit and excluding certain evidence, engaged in judicial misconduct.

II.     Procedural Background in this Court

On September 10, 2008, Mr. Stafford filed the current action in this court. The Complaint alleges that the Defendants were all involved to some extent with the disputes and subsequent state litigations described above. Mr. Stafford claims that the Defendants are involved in a conspiracy to deprive him of his constitutional rights and have violated 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Although not relevant to the current motion to dismiss, Mr. Stafford also claims that certain Defendants violated 18 U.S.C. § 1512 by tampering with witnesses and victims.

Specific to Defendants Farber and Owyhee Village, Inc., Mr. Stafford alleges that Mr. Farber and Owyhee Village engaged in a conspiracy to deprive him of his property to enforce the state court's award of attorney's fees to Owyhee Village, Inc. in the first state-court action. *See Compl.* at 4–7 (Docket No. 1). Mr. Stafford argues that Mr. Farber is not entitled to these fees because he is also the owner of Owyhee Village, Inc. and cannot recover attorney's fees as a "pro se" litigant. *See id.*

Defendants Farber and Owyhee Village filed a motion to dismiss or, in the alternative, for summary judgment. *See Motion to Dismiss* (Docket No. 103).

Defendants argue that Mr. Stafford's claims are barred by the statute of limitation, or in the alternative, that 42 U.S.C. §§ 1983, 1985, 1986, and 1988 do not provide Mr. Stafford with a cause of action against Defendants because Defendants are not state actors.  *See Memorandum in Support of Motion to Dismiss* (Docket No. 103-1).  Defendants also incorporate by reference Defendants Jane Morfitt and Iver Longeteig's Motions to Dismiss, which make similar arguments.  *See id.*

On November 24, 2009, Plaintiff filed a Response to Defendants' Motion to Dismiss.  *Objection to Motion to Dismiss With Memorandum in Support* ("*Plaintiff's Objection*") (Docket No. 107).  Plaintiff's Objection was filed one day past the filing due date, but the court will nevertheless consider its merits.

## ANALYSIS

I. <u>Standard of Review</u>

    A. <u>Motion to Dismiss For Failure to State a Claim</u>

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, citations, and ellipses omitted).  A complaint will survive a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss if the factual allegations

asserted "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation and emphasis omitted). Although a complaint "does not need detailed factual allegations," the complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). A complaint must plead "enough facts to state claim to relief that is plausible on its face." *Id.* at 570.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court may consider facts that are subject to judicial notice. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (citation omitted). "[T]he records of state agencies and other undisputed matters of public record" are judicially noticeable and do not convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Disabled Rights Action Cmte v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (citation omitted). The court may likewise examine documents referred to in the complaint without transforming a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

B. <u>Summary Judgment</u>

In considering a motion for summary judgment pursuant to Federal Rule of

Civil Procedure 56 ("Rule 56"), a court must view the evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A court may grant summary judgment if "there is no genuine issue as to any material fact" and the movant is therefore "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) (citation omitted). If the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must produce evidence sufficient to support a jury verdict in the non-movant's favor. Fed. R. Civ. P. 56(e)(2).

II. Discussion

    A. Plaintiff's Title 42 Claims

Defendants argue that the Court should grant their Motion to Dismiss because 42 U.S.C. §§ 1983, 1985, 1986, and 1988 actions are barred by two of Idaho's statutes of limitation. Defendants request that this Court adopt its reasoning from an earlier *Memorandum Decision and Order*, at 17–21 (Docket No. 73) and find that the statutes of limitation bar Plaintiff's claims.

Regarding Plaintiff's §§ 1983, 1985, and 1988 claims, the applicable statute

of limitation is determined by the law of the state in which the district court is located and in which the action arose. *Hoffman v. Halden*, 268 F.2d 280, 305 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24, 29–30 (9th Cir. 1962) (en banc). Unlike Plaintiff's §§ 1983, 1985, and 1988 claims, the statute of limitation for Plaintiff's § 1986 claim is not determined by state law. Rather, Plaintiff's § 1986 claim is subject to a statutorily mandated one-year statute of limitation. *See* 42 U.S.C. § 1986; *Hoffman*, 268 F.2d at 304.

Although state law provides the statute of limitation period for Plaintiff's §§ 1983, 1985, and 1988 claims, federal law determines when civil rights claims accrue. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004). A civil rights claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis for the action." *Id.* (*quoting TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (internal quotation marks omitted)). Moreover, a Plaintiff cannot "restart" the statute of limitation period simply by alleging ongoing behavior in a conspiracy. *See id.*; *see also Samuel v. Michaud*, 980 F. Supp. 1381, 1410 (D. Idaho 1996) ("Thus, the statute of limitation begins to run from the moment plaintiffs become aware that they have suffered an injury . . . ." (citation omitted)).

Section 1983 claims are subject to the statute of limitation for personal

injury claims in Idaho. *See Olsen*, 363 F.3d 916 (citation omitted). In Idaho, personal injury claims are subject to a two-year statute of limitation period. Idaho Code Ann. § 5-219(4) (2009). Although the applicable statute of limitation period for Plaintiff's §§ 1985 and 1988 claims is unclear, the Court finds that Plaintiff's allegations are best characterized as personal injury claims. The Court will therefore apply the same two-year statute of limitation period to Plaintiff's §§ 1985 and 1988 claims. Even assuming that Plaintiff's claims fall into another category of relief, the catch-all statute of limitation period in Idaho is only four years. Idaho Code Ann. § 5-224.

Here, Plaintiff's injuries arise out of Plaintiff's loss of the initial boundary dispute in state court. The latest possible date Plaintiff knew or should have known of this injury is the date of the final Idaho Supreme Court decision in the boundary dispute cases—May 17, 2001. Given the applicable statutes of limitation, Plaintiff's § 1986 claim was time-barred as of May 17, 2002, and Plaintiff's §§ 1983, 1985, and 1988 claims were time barred as of May 17, 2003. Even assuming that the catch-all four-year statute of limitation applies to Plaintiff's §§ 1985 and 1988 claims, these claims were time barred as of May 17, 2005. Plaintiff filed this action on September 10, 2008, more than three years after the

latest possible statute of limitation period had run.[1]

Plaintiff also asserts that Defendants engaged in a judicial conspiracy and cover-up to deprive him of his civil rights. As noted above, Plaintiff's allegations of a continuing conspiracy do not restart the statute of limitation period because Plaintiff's injuries all arise from a specific event: his loss of the initial boundary dispute, which was final on May 17, 2001. *See Olsen*, 363 F.3d at 926; *see also Samuel*, 980 F. Supp. at 1410.[2]

The court, therefore, finds that Plaintiff's 42 U.S.C. §§ 1983, 1985, 1986, and 1988 claims are barred by the applicable statutes of limitation.

B.   Plaintiff's 18 U.S.C. § 1512 Claim

The statute of limitation for bringing a claim based on 18 U.S.C. § 1512 is five years. 18 U.S.C. § 3282(a). As discussed above, the statute of limitation

---

[1] 28 U.S.C. § 1658(a) also appears to apply to this action, which provides that "a civil action arising under an Act of Congress . . . may not be commenced later than 4 years after the cause of action accrues." As discussed, a four-year statute of limitation period, whether imposed by 28 U.S.C. § 1658 or Idaho law's catch-all statute of limitation, bars all of Plaintiff's claims.

[2] The continuing tort doctrine is inapplicable here because all of Plaintiff's claims with respect to Defendants Farber and Owyhee Village, Inc. arise from a single event: Plaintiff's loss of the boundary dispute in state court. *See Reynolds Metal Co. v. Yturbide*, 258 F.2d 321 (9th Cir. 1958). Moreover, Plaintiff does not allege acts that indicate that Defendants continued to engage in or are currently engaged in a conspiracy.

began to run on May 17, 2001.  Plaintiff's 18 U.S.C. § 1512 claim was time-barred on May 17, 2006.  To the extent Plaintiff claims that Defendants Farber and Owyhee Village, Inc. violated 18 U.S.C. § 1512, and assuming that a private cause of action exists under 18 U.S.C. § 1512, the court finds that this claim is likewise barred by the statute of limitation.

## ORDER

NOW THEREFORE IT IS THEREFORE ORDERED that Defendants' Randolph Farber and Owyhee Village Inc.'s Motion to Dismiss (Docket No. 103) is GRANTED.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

DATED:  **April 7, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge